Filed 1/19/16  P. v. Welch CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B263828 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA107235) |
| v. | |
| RANDY CLYDE WELCH, | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Tia Fisher, Judge.  Affirmed.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Randy Clyde Welch was charged in a felony complaint with felony counts of forgery, burglary, credit card theft and possession for sale of methamphetamine and a misdemeanor count of identity theft. After waiving his rights to a preliminary hearing and jury trial on January 13, 2015, Welch pleaded guilty orally and in writing to forgery (Pen. Code, § 484f, subd. (a))[1] and identity theft (§ 530.5, subd. (c)(1)). The same day, pursuant to a negotiated agreement, the trial court imposed a split sentence for forgery of two years in county jail and one year of mandatory supervision on condition that Welch comply with a protective order pursuant to section 136.2.[2] In accordance with the agreement, the remaining felony counts were dismissed. The court awarded Welch 64 days of presentence custody credit and imposed mandatory fines, fees and assessments. During the plea hearing, the court confirmed with Welch and his counsel that his felony conviction for forgery did not qualify under Proposition 47 for reduction to a misdemeanor. Welch replied that he understood.

Following sentencing, Welch, still represented by counsel, filed several motions on his own, which the court considered over the course of several hearings. The court denied Welch's motions to replace his appointed counsel (*People v Marsden* (1970) 2 Cal.3d 118) and to modify his sentence by striking the one-year of mandatory supervision. The court granted Welch's motion to represent himself (*Faretta v. California* (1975) 422 U.S. 806, 835-836 [45 L.Ed.2d 562, 95 S.Ct. 2525]) and relieved the public defender as counsel of record. The court also denied Welch's motion to reduce his felony conviction to a misdemeanor under Proposition 47. Welch asked the court not to rule on his motion to withdraw his plea.

During the final hearing on April 24, 2015, the trial court realized that it had not imposed a sentence for identity theft and that the pertinent minute order and abstract of judgment erroneously reflected a sentence of three years for that misdemeanor count.

---

**1**    Statutory references are to the Penal Code.

**2**    The protective order stemmed from an unrelated domestic violence case, which the People agreed to have dismissed as part of the negotiated plea.

The court sentenced Welch for identity theft, nunc pro tunc, to credit for time served. The court also denied as untimely Welch's other oral and written post-sentencing motions, seeking to recuse Judge Fisher and to vacate the sentence and a continuance to hire a private investigator, retain private counsel, obtain discovery and be treated for mental illness.

On April 24, 2015, Welch filed a handwritten "Appeal to All Motions Denied in Superior Court," which was directed to the Appellate Division of the Superior Court and the Second District Court of Appeal. In his notice of appeal, Welch challenges the trial court's denials of his post sentencing oral and written motions on various grounds. Welch did not obtain a certificate of probable cause.

We appointed counsel to represent on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On September 14, 2015 we advised Welch he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Welch is challenging the validity of his plea and his sentence imposed as part of his plea, his appeal is inoperative.

To the extent Welch is challenging the trial court's denial of his request to have his forgery conviction reduced to a misdemeanor, Proposition 47, as it potentially relates to Welch, added section 473, subdivision (b), to the Penal Code. Pursuant to section 473, subdivision (a), forgery is punishable as either a felony or misdemeanor (a so-called wobbler). Under new subdivision (b) forgery of "a check, bond, bank bill, note, cashier's check, traveler's check or money order," where the value of the item does not exceed $950, is only a misdemeanor, punishable by imprisonment in a county jail for not more than one year. However, subdivision (b) also states it "shall not be applicable to any person, who is convicted both of forgery and of identity theft, as defined in section 530.5." (§ 473, subd. (b).) Accordingly, because Welch was convicted of violating both

3

section § 484f, subdivision (a) and section 530.5, subdivision (c)(1), his forgery offense cannot be reduced to a misdemeanor under Proposition 47. The trial court properly denied his petition.

We have examined the entire record and are satisfied Welch's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment and order are affirmed.


ZELON, J.


We concur:



PERLUSS, P. J.



SEGAL, J.